


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>Melissa Jennelle COTA,<br>Gustavo LARA,<br>Sergio ROJAS-Fregoso<br><br>　　　　　　Defendants. | Magistrate Docket No. '25 MJ2386<br><br>COMPLAINT FOR VIOLATION OF:<br>Title 8, USC § 1324(a)(1)(A)(ii)<br>Transportation of Illegal Aliens<br><br>Title 8, USC § 1326 Deported Alien<br>Found In The United States |

The undersigned complainant, being duly sworn, states:

Count One:

On or about May 5, 2025, within the Southern District of California, defendants Melissa Jennelle COTA and Gustavo LARA knowing or in reckless disregard of the fact that certain aliens, namely, Alvaro Ramiro DURAN Andrade, Jose Carmen GUZMAN-Duran, Luis Armando PACHECO Rosete, Juan PEREZ-Meza and Edilberto SANCHEZ-Saldivar, had come to, entered and remained in the United States in violation of law, did attempt to transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

Count Two:

On or about May 5, 2025, within the Southern District of California, defendant, Sergio ROJAS-Fregoso, an alien, who previously had been excluded, deported and removed from the United States, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

_____
James T. Burns
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON MAY 6, 2025.

_____
HON. MITCHELL D. DEMBIN
United States Magistrate Judge

**CONTINUATION OF COMPLAINT:**
Melissa Jennelle COTA, Gustavo LARA, Sergio ROJAS-Fregoso

### PROBABLE CAUSE STATEMENT

The complainant states that Alvaro Ramiro DURAN Andrade, Jose Carmen GUZMAN-Duran, Luis Armando PACHECO Rosete, Juan PEREZ-Meza and Edilberto SANCHEZ-Saldivar, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On May 5, 2025, at approximately 8:30 PM, Supervisory Border Patrol Agent S. Vargas, Border Patrol Agent B. Moretti were conducting Border Patrol duties by assisting Homeland Security Investigations with surveillance. Supervisory Border Patrol Agent Vargas and Border Patrol Agent Moretti were assigned to San Diego Targeting Team. All agents were near 27 Flower Street in Chula Vista, California.

Border Patrol Agents and Homeland Security Special Agents responded to the area because there was a Buick SUV bearing a California license plate parked near 27 Flower Street, Chula Vista, California. This vehicle was observed earlier in day by an eyewitness near the scene of event in Del Mar, California. The Buick fled the scene and was not apprehended. Border Patrol Agents and Homeland Security Investigations suspected the Buick successfully picked up some of the illegal aliens from a maritime alien smuggling event.

At approximately 8:32 PM, Homeland Security Investigations Special Agents advised that they were going to contact two vehicles that were identified as possibly carrying the illegal aliens from the earlier maritime alien smuggling event. These vehicles were later identified as a white Tesla Model 3 and silver Dodge Durango.

At approximately 8:30 PM, Supervisory Border Patrol Agent Vargas and Border Patrol Agent Moretti responded to Flower Street and encountered both vehicles. Both vehicles were detained by Homeland Security Investigations Agents. Supervisory Border Agent Vargas made contact with the driver and occupants of the white Telsa. Border Patrol Agent B. Moretti made contact with the driver and occupants of the silver Durango. All individuals were ordered out of the vehicle.

Once out of the vehicle, Supervisory Border Patrol Agent Vargas approached the individuals and identified himself as a United States Border Patrol Agent. Supervisory Border Patrol Agent conducted an immigration inspection. Individuals later identified as material witnesses Luis

## CONTINUATION OF COMPLAINT:
Melissa Jennelle COTA, Gustavo LARA, Sergio ROJAS-Fregoso

Armando PACHECO-Rosete, Juan PEREZ-Meza, Oscar Paul HERNANDEZ-Avinia, and Alan Jovanni RODRIGUEZ-Lazaro stated they were citizens of Mexico and did not have immigration documents that would allow then to enter or remain in the United States legally.

At approximately 8:40 PM, Supervisory Border Patrol Agent Vargas placed Luis Armando PACHECO-Rosete, Juan PEREZ-Meza, Oscar Paul HERNANDEZ-Avinia, and Alan Jovanni RODRIGUEZ-Lazaro under arrest.

At approximately 8:42 PM, Supervisory Border Patrol Agent Vargas placed the driver of the white Tesla, Gustavo LARA, under arrest.

Border Patrol Agent Moretti performed an immigration inspection on the other individuals of the silver Durango. All individuals stated they were citizens of Mexico and did not have immigration documents that would allow then to enter or remain in the United States legally. At approximately 8:45 PM, Border Patrol Agent placed, later identified as material witnesses Jose Carmen GUZMAN-Duran, Edilberto SANCHEZ-Saldivar, Alvaro Ramiro DURAN-Andrade under arrest.

At approximately 8:45 Border Patrol Agent Moretti placed the driver of the silver Durango, identified as Melissa Jannelle COTA, under arrest.

In addition, at approximately 8:32 PM, Homeland Security Investigations detained an individual named Sergio ROJAS-Fregoso. At approximately 8:58 PM, Supervisory Border Patrol Agent Vargas approached ROJAS, identified himself as a United States Border Patrol Agent, conducted an immigration inspection and determined ROJAS to be a Mexican citizen without immigration documents..

At approximately 9:00 PM, Supervisory Border Patrol Agent Vargas placed ROJAS under arrest.

LARA was read his Miranda rights and agreed to speak to Agents without an attorney present. LARA stated he knew the people he picked up were illegal aliens, and he typically receives between $100-$300 USD per person, and he was expecting to receive approximately $500 USD for this event.

Material witness PACHECO stated he was trying to get to Los Angeles, California and that

**CONTINUATION OF COMPLAINT:**
Melissa Jennelle COTA, Gustavo LARA, Sergio ROJAS-Fregoso

after getting out of the water, he entered a blue Volvo and drove to a house. Material witness SANCHEZ stated he would pay $10,000 to be smuggled into the United States. SANCHEZ stated he arrived by panga, the same one that flipped in the surf on May 5, 2025 near Torrey Pines. SANCHEZ stated after swimming to the beach he loaded into a vehicle that drove to a two story apartment building. PEREZ stated he was going to Los Angeles and was picked up by a white BMW after the panga flipped, and that a gray F-150 picked up other aliens from a panga. PEREZ stated he was apprehended in the white Tesla. DURAN stated he agreed to pay $13,000 USD to be smuggled by ocean to the United States. GUZMAN stated he was going to pay $13,000 USD to be smuggled to the United States. GUZMAN stated that after the panga capsized and he made it to shore, he was picked up by a blue SUV and taken to a house. GUZMAN stated a female arrived at the house and told them she would take them to Los Angeles. GUZMAN stated they entered a grey Dodge Durango, drove to a house and were arrested by Border Patrol

Routine record checks of the defendant ROJAS revealed an immigration history. The defendant's record was determined by a comparison of his immigration record and the defendant's current fingerprints. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on December 19, 2023 through San Ysidro, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or her designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.